UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------
CHRISTOPHER TABICK
on behalf of himself and
all other similarly situated consumers

                            Plaintiff,

      -against-

CLEARSPRING LOAN SERVICES, INC.
A/K/A VANTIUM CAPITAL, INC.
A/K/A STRATEGIC RECOVERY GROUP

                            Defendant.

----------------------------------------------------------

## CLASS ACTION COMPLAINT

### *Introduction*

1. Plaintiff Christopher Tabick seeks redress for the illegal practices of ClearSpring Loan Services, Inc. a/k/a Vantium Capital, Inc. a/k/a Strategic Recovery Group concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt.

4. Upon information and belief, Defendant's principal place of business is located in Frisco, Texas.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

## *Jurisdiction and Venue*

7. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## *Allegations Particular to Christopher Tabick*

9. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10. On or about December 21, 2015, Defendant sent the Plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes.

11. Said letter stated in pertinent part as follows: "You are currently due for the 03/01/2008 payment. If this delinquency is not resolved, any or all available actions permitted under law to collect this debt may be pursued, including but not limited to, continued collection efforts filling of a legal action, or accrual of legal fees."

12. The said letter contained several deceptive statements and omitted important mandatory disclosures, including § 2-191 of the Rules of the City of New York's notification requirement for time-barred debts.

13. The letter said nothing about when the debt was incurred, and it contained no hint that the six-year statute of limitations applicable in New York had long since expired.

14. On March 1, 2008, the bank accelerated the debt making the debt time barred six years later.

15. In the State of New York, the statute of limitations to sue on a mortgage or the note is six years after acceleration.

16. Here, the Defendant had waited almost eight years to threaten suit on this debt.

17. Thus, the Defendant violated 15 U.S.C. §§ 1692e, 1692e(5), 1692e(10), and 1692f by threatening to file a time-barred suit, making it liable to the Plaintiff.

18. "The statute of limitations in a mortgage foreclosure action begins to run from the due date for each unpaid installment, or from the time the mortgagee is entitled to demand full payment, or from the date the mortgage debt has been accelerated" *In re Strawbridge*, 2012 U.S. Dist. LEXIS 29751, 2012 WL 701031 [SDNY 2012], citing *Plaia v Safonte*, 45 AD3d 747, 748, 847 N.Y.S.2d 101 [2d Dept 2007]; *Zinker v Makler*, 298 AD2d 516, 517, 748 N.Y.S.2d 780 [2d Dept 2002]; *Notarnicola v. Lafayette Farms, Inc.*, 288 AD2d 198, 199, 733 NYS2d 91 [2d Dept 2001]; *EMC Mtge. Corp. v Patella*, 279 AD2d 604, 605, 720 NYS2d 161 [2d Dept 2001]; *Loiacono v. Goldberg*, 240 AD2d 476, 477, 658 NYS2d 138 [2d Dept 1997]).

19. Once a mortgage debt is accelerated by the commencement of a foreclosure action, the borrower's right to make monthly installments ceases, all sums become immediately due and payable, and the six-year statute of limitations begins to run on the entire mortgage debt (*see Federal National Mortgage Assn v Mebane*, 208 AD2d 892, 894, 618 NYS2d 88 [2d Dept 1994]; *Clayton Nat'l, Inc. v Guldi*, 307 AD2d 982, 763 N.Y.S.2d 493 [2d Dept 2003]).

20. New York City regulations require that a debt collector must provide a consumer with specific information about the consumer's rights regarding a time-barred account in every communication with the consumer.

21. At the bare minimum, the unpaid installment and or loan that becomes due on March 1, 2008 is past the Statute of Limitations and therefore, threatening legal action specifically on this time-barred debt is a violation of the FDCPA.

22. Upon information and belief, the Defendant knew that this deceptive debt collection technique would be particularly effective in pressuring unsophisticated consumers into settling debts, even those that would otherwise be time-barred.

23. Moreover, upon information and belief, the Defendant knew that if it tricked a consumer into making just one payment on a stale, time-barred debt, the statute of limitations would restart.

24. When collecting on a time-barred debt, a debt collector must inform the consumer that (a) the collector cannot sue to collect the debt; and (b) providing a partial payment would revive the Defendant's ability to sue to collect the balance.

25. The Defendant threatened and attempted to collect on a time-barred debt, whose Statute of Limitations had clearly already run out.

26. The language "You are currently due for the 03/01/2008 payment. If this delinquency is not resolved, any or all available actions permitted under law to collect this debt may be pursued, including but not limited to, continued collection efforts filling of a legal action, or accrual of legal fees." is untrue and is a false threat of legal action on time-barred debt.[1]

27. Upon reading the said letter, the Plaintiff believed, as would the unsophisticated debtor, that he had a legal obligation to pay the alleged debt as Defendant was demanding payment.

---

[1] Crawford v. LVNV Funding, LLC, 758 F.3d 1254, 2014 U.S. App. LEXIS 13221, 59 Bankr. Ct. Dec. 205, 25 Fla. L. Weekly Fed. C 92 (11th Cir. Ala. 2014)

28. The said letter falsely implies that the alleged debt is legally enforceable by making a demand for payment from the Plaintiff.

29. It is part of the Defendant's pattern and practice to send and cause the sending of letters, such as the December 21, 2015 letter, that seek to collect time-bared debts and to not disclose that the debts are in fact time barred, and therefore, legally unenforceable.

30. The Federal Trade Commission ("FTC") has determined that "Most consumers do not know their legal rights with respect to collection of old debts past the statute of limitations.... When a debt collector tells a consumer that he owes money and demands payment, it may create the misleading impression that the debt collector can sue the consumer in court to collect that debt."

31. On January 30, 2013, the FTC issued its report, The Structure and Practices of the Debt Buying Industry, available at http://www.ftc.gov/os/2013/01/debtbuyingreport.pdf. The report reaffirms its position in the *United States of America v. Asset Acceptance, LLC*, No. 8:12-cv-182-T-27EAJ (M.D. Fla. 2012), *American Express Centurion Bank* (FDIC-12-315b, FDIC- 12-316k, 2012-CFPB-0002), *American Express Bank, FSB* (2012-CFPB-0003) and *American Express Travel Company, Inc.* (2012-CFPB-0004) cases, that a defendant may violate the FDCPA by sending a collection letter demanding payment of a time barred debt without disclosing that the debt was time barred.

32. Courts have also held that a debt collector's mere "settlement" offer made to consumers on a time-barred debt is misleading.[2]

33. Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to

---

[2] See e.g., *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010 (7th Cir. 2014).

ensure compliance with the law.

34. Upon information and belief, Defendant sent a written communication, such as the December 21, 2015 letter to at least 50 natural persons in the State of New York within one year of the date of this Complaint.

35. Section 1692e of the FDCPA states: "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(2) The false representation of --

(A) the character, amount, or legal status of any debt[.]"

36. Sections 1692e(5) and 1692e(10) state that a debt collector cannot "threaten to take any action that is not intended to be taken" or use "any false representation or deceptive means to collect or attempt to collect any debt."

37. The Defendant misled the Plaintiff as to what action might be legally taken against him and deceptively used this threat in attempting to collect on this alleged debt.

38. In so doing, the Defendant preyed upon the ignorance of an unsophisticated consumer.

39. By employing the tactics it did, the Defendant played upon and benefitted from the probability of creating a deception.

40. Honest disclosure of the legal unenforceability of the collection action due to the time-lapse since the debt was incurred would have foiled Defendant's efforts to collect on the debt.

41. By threatening to sue the Plaintiff on the alleged debt, Defendant violated §§ 1692e(2)(A) and 1692(10) by threatening to sue him, Defendant implicitly represented

that it could recover in a lawsuit, when in fact it cannot properly do so.

42. Whether a debt is legally enforceable is a central fact about the character and legal status of that debt. A misrepresentation about that fact thus violates the FDCPA.

43. Said letter provided a false, deceptive, or misleading representation or means in connection with the collection of any debt; the false representation of the character, amount, or legal status of any debt; and for the threat to take any action that cannot legally be taken, or that is not intended to be taken, in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), and 1692e(10).[3]

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.*

44. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through forty three (43) as if set forth fully in this cause of action.

45. This cause of action is brought on behalf of Plaintiff and the members of a class.

46. The class consists of (a) all individuals who have mailing addresses within the State of New York; (b) who within one year before the filing of this action; (c) were sent a collection letter in a form materially identical or substantially similar to the form letter sent by the Defendant to the Plaintiff; (d) regarding a debt that was time-barred by the

---

[3] Buchanan v. Northland Grp., Inc., 776 F.3d 393 (6th Cir. 2015). (A misrepresentation about the limitations period is a "straightforward" violation of § 1692e(2)(A). The failure to disclose that partial payment on a time-barred debt would renew the creditor's ability to sue could mislead a consumer into paying and digging herself into a deeper hole. An unsophisticated debtor who cannot afford the settlement offer might nevertheless assume from the letter that some payment is better than no payment. This would not be true, since some payment is worse than no payment, as the general rule in Michigan is that partial payment restarts the statute of limitations clock, giving the creditor a new opportunity to sue for the full debt. In response to the argument that the court's interpretation would require debt collectors to give legal advice to every debtor about the statute of limitations, the court stated that "this is not a herculean task," as demonstrated by the fact that the collection agency had changed its letters to make the following disclosure under applicable circumstances: "The law limits how long you can be sued on a debt. Because of the age of your debt, LVNV Funding L.L.C. will not sue you for it, and LVNV Funding L.L.C. will not report it to any credit reporting agency."), McMahon v. LVNV Funding, L.L.C., 744 F.3d 1010 (7th Cir. 2014). (The court held that the consumers stated claims for relief under §§ 1692e and 1692f where the defendants sent dunning letters that did not disclose that the debts were time-barred and that made an "offer to settle" at a stated percentage savings off the current balance because, even without an actual threat of suit, "it is plausible that an unsophisticated consumer would believe a letter that offers to 'settle' a debt implies that the debt is legally enforceable.")

applicable Statute of Limitations; and (e) which was not returned by the postal service as undelivered; and (f) the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), and 1692e(10).

47. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

   A. Based on the fact that a form collection letter is at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

   B. There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

   C. The only individual issue is the identification of the consumers who received such collection letters (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

   D. The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

   E. The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

48. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally

unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

49. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

50. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

51. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

52. Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in his favor and against the Defendant and award damages as follows:

    A. Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k);

    B. Attorney fees, litigation expenses and costs incurred in bringing this action; and

    C. Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
March 23, 2016


　　　　/s/ Adam J. Fishbein　　　　
Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.


　　　　/s/ Adam J. Fishbein　　
Adam J. Fishbein (AF-9508)

| IMPORTANT MESSAGES | MONTHLY LOAN STATEMENT | |
|---|---|---|
| If you are in active bankruptcy or received a discharge which included this debt, this communication is not intended to be and does not constitute an attempt to reaffirm or to collect a debt against you personally and is for informational purposes only. | Statement Date | 12/21/2015 |
| | Loan Number | 32 |
| THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. | Due Date | 03/01/2008 |
| LOGIN TO WWW.CLEARSPRINGLS.COM OR CALL 1-866-344-3314 FOR PAYMENT HISTORY, LOAN BALANCES AND STATEMENTS ON YOUR ACCOUNT. | **TOTAL AMOUNT DUE** | **$587,397.54** |
| | Late charge if payment received after 03/01/2008: $n/a | |
| To find free or low-cost HUD certified housing counseling agencies in your area, please call 1.800.569.4287 or visit the HUD website at www.hud.gov. | Outstanding Principal Balance | $587,397.54 |

### Explanation of Amount Due

| | |
|---|---|
| Unpaid Principal: | $298,293.00 |
| Unpaid Interest: | $289,104.54 |
| **Total Amount Due** | **$587,397.54** |

### Interest Rate Information

| | |
|---|---|
| Interest Rate | 12.50000 |
| Next Interest Rate Change | n/a |

### Past Payments Breakdown

| Payment Elements | Paid Last Month | Paid Year to Date |
|---|---|---|
| Principal and Interest | $0.00 | $0.00 |
| Total | $0.00 | $0.00 |

### **Delinquency Notice**

You are currently due for the 03/01/2008 payment. If this delinquency is not resolved, any or all available actions permitted under law to collect this debt may be pursued, including but not limited to, continued collection efforts, filing of a legal action, or accrual of legal fees.

*Recent Account History:*
Payments in month of 06/01/2015: $0.00 received; $571,767.06 remains past due
Payments in month of 07/01/2015: $0.00 received; $574,934.02 remains past due
Payments in month of 08/01/2015: $0.00 received; $578,100.98 remains past due
Payments in month of 09/01/2015: $0.00 received; $581,165.78 remains past due
Payments in month of 10/01/2015: $0.00 received; $584,332.74 remains past due
Payments in month of 11/01/2015: $0.00 received; $587,397.54 remains past due

**Total Amount Due: $587,397.54**

If you have accepted an offer to settle this delinquency, please refer to that approval letter and/or agreement for details on amounts, due dates, and terms of the agreement.

**If You Are Experiencing Financial Difficulty:**
See "Important Messages" for housing counselor assistance.

### Correspondence Address

Questions about your loan, address changes, notifications of error regarding your loan, and other correspondence may be mailed to (Please also include your loan number):

ClearSpring Loan Services, Inc.
P.O. Box 52238
Idaho Falls, ID 83405-2238

---

Please detach and return the bottom portion of this statement with your payment. **WRITE YOUR LOAN NUMBER ON YOUR CHECK.**



ClearSpring LOAN SERVICES
P.O. Box 4869, Dept. #447
Houston, TX 77210
1-866-344-3314

**CHRISTOPHER TABICK**
89 BAY 23RD ST
BROOKLYN, NY 11214

| | |
|---|---|
| Statement Date | 12/21/2015 |
| Loan Number | 32 |
| Due Date | 03/01/2008 |
| **Total Amount Due** | **587,397.54** |
| Current Payment Due | $ |
| Other | $ |
| **Total Amount Enclosed** | $ |

ClearSpring Loan Services, Inc.
P.O. Box 4869, Dept. #447
Houston, TX 77210