UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------
CHRISTOPHER TABICK
on behalf of himself and
all other similarly situated consumers

                              Plaintiff,                      1:16-cv-01420 (ERK) RER)

          -against-


CLEARSPRING LOAN SERVICES, INC.
A/K/A VANTIUM CAPITAL, INC.
A/K/A STRATEGIC RECOVERY GROUP

                      Defendant.

------------------------------------------------------------

## AMENDED CLASS ACTION COMPLAINT

### Introduction

1. Plaintiff Christopher Tabick seeks redress for the illegal practices of ClearSpring Loan Services, Inc. a/k/a Vantium Capital, Inc. a/k/a Strategic Recovery Group concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### Parties

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt.

4. Upon information and belief, Defendant's principal place of business is located in Frisco, Texas.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6.     Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### Jurisdiction and Venue

7.     This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

### Allegations Particular to Christopher Tabick

9.     In 2006 Plaintiff took out a home loan with First Magnus Financial Corporation for $300,000.

10.    First Magnus Financial Corporation hired Aura Loan Services to collect on that loan.

11.    The Aura Account number was 0033055575.

12.    First Magnus Financial Corporation and Aura Loan Services unilaterally changed the agreed upon interest rate.

13.    In July, 2006 Plaintiff received an account statement from Aura Loan Services stating that Plaintiff must pay the monthly payment in the amount of $3,201.77 by August 1, 2006.

14.    Plaintiff did not make the payment of $3,201.77 on August 1, 2006.

15.    Plaintiff received an account statement from Aura Loan Services dated September 19, 2006.

16.    Said account statement demanded the past due payment of $3,201.77 in addition to the current payment due in the amount of $3,201.77 and a total amount due of $6,403.54.

17.    Plaintiff did not make the payment of $6,403.54 and Plaintiff has not made any payment since.

18. In January, 2008 Plaintiff received a notice of intent to accelerate from Aura Loan stating that if Plaintiff does not bring the loan current First Magnus Financial Corporation would exercise its option to accelerate the maturity of the loan and that the entire amount of the loan would become due.

19. On February 8th 2008 First Magnus Financial Corporation sent Plaintiff a Notice of Acceleration in which stated: "A partial payment will not cure the default. If you fail to cure the default by 5 p.m. on March 1, 2008 First Magnus Financial will take the following action: (1) accelerate all amounts of interest and principal due under the Note and all additional sums secured by that certain deed of Trust secured by the property located at 89 Bay 23rd Street, Brooklyn NY 11214."

20. Plaintiff did not make any payment by March 1, 2008 and has not made any payment since.

21. First Magnus accelerated the note and mortgage on March 1, 2008 and all additional letters demanded the entire accelerated amount of $298,293.00.

22. For good reason Plaintiff had defaulted under the terms of the mortgage and note by failing to make the monthly mortgage installment payments, and as a consequence, First Magnus elected to accelerate the entire mortgage debt of $298,293.00 on March 1, 2008.

23. The following, is a partial list of the companies who owned or serviced this loan after the entire amount of $298,293.00 became due on March 1, 2008, First Magnus Financial Corporation, Clearvue Opportunity Xvii, LLC, SRP-2012-1, LLC, Solace Financial, Asset Receivables Management, Green tree, Strategic Recovery Group, Clearspring Loan Services, Inc., Vantium Capital, Inc., Strategic Recovery Group.

24.   First Magnus and every other loan servicer listed above that collected on this note from the date of March 1, 2008 until today, has only demanded the entire accelerated amount of $298,293.

25.   When the entire amount of $298,293 became due on March 1, 2008 the option for monthly installment payments was revoked by First Magnus.

26.   It is well established that even if a mortgage is usually payable in monthly installments, once, the entire amount becomes due the mortgage debt is accelerated and the Statute of Limitations begins to run on the entire debt."  See *EMC Mtge. Corp. v Patella,* 279 AD2d 604, 605 (2nd Dept. 2001) *Wells Fargo Bank, N.A. v Burke,* supra 94 AD3d at 982; *see also Lavin v Elmakiss*, 302 AD2d 638, 639(3'd Dept. 2003); *Zinkerv Makler*, 298 AD2d 516, 517 (3rd Dept. 2003).

27.   On October 3, 2013 Green Tree sent Plaintiff a letter stating that "The servicing of your loan was transferred from Solace Financial. LLC to Green Tree on 09/13/2013."

28.   Green Tree demanded the entire accelerated amount of $298,293.00.

29.   Green Tree informed Plaintiff that no interest was accruing and no interest was added and that all interest on the account was waived and that Plaintiff's current interest rate on the balance of 298,293.00 was 0.00%.

30.   On January 4, 2014 Green Tree sent Plaintiff an account statement (attached as Exhibit A) in which Green Tree states that the Amount Due is $298,293.00 and that there is no monthly late fee and that the "Interest Rate is 0.00%" that there is no Interest accruing and that there is no Interest due.

31.    On March 1, 2014, the Statute of Limitations ran out on this debt making this debt time-barred which in effect barred the creditor from taking or threatening to take legal action to make plaintiff pay this debt any time after March 1, 2014.

32.    New York City regulations require that a debt collector must provide a consumer with specific information about the consumer's rights regarding a time-barred account in every communication with the consumer.

33.    On March 20, 2014 nineteen days after the Statute of limitation ran on the $298,293.00 mortgage debt, Green Tree sent Plaintiff a letter (attached as Exhibit B) stating: "WE ARE REQUIRED BY LAW TO GIVE YOU THE FOLLOWING WARNING ABOUT PAYMENTS ON THIS DEBT. The statute of limitations bars a creditor from taking legal action, including using arbitration, to make you pay this debt. BE AWARE that if you voluntarily pay anything toward this debt, such payment can restart the creditor's right to take legal action to make you pay the entire debt"

34.    The letter went on to request payment for the entire outstanding balance of $298,293.00.

35.    On June 4, 2014  Green Tree sent plaintiff an account statement (attached as Exhibit C) in which Green Tree states that the Amount Due is $298,293.00 and that there is no monthly late fee and that the "Interest Rate is 0.00%" that there is no Interest accruing and that there is no interest due.

36.    On May 22, 2014 Green Tree sent plaintiff a Notice of Service transfer letter stating "The servicing of your mortgage loan is being transferred, effective June 12, 2014. This means that after this date, a new servicer will be collecting your mortgage loan payments from you. Nothing else about your mortgage loan will change. Green Tree is not collecting your payments. Green Tree will stop accepting payments received from you after June 11,

2014. Strategic Recovery Group will collect your payments going forward. Your new servicer will start accepting payments received from you on June 12, 2014." (emphasis added)

37.     Defendant Clearspring Loan Services, Inc. A/K/A Vantium Capital, Inc. A/K/A Strategic Recovery Group took over the servicing rights and began to collect this $298,293.00 time-barred debt from the Plaintiff on June 12, 2014.

38.     On or about December 21, 2015 Defendant sent the Plaintiff a collection letter (attached as Exhibit D) seeking to collect the time-barred debt of $298,293.00.

39.     Said letter stated in pertinent part as follows: "You are currently due for the 03/01/2008 payment. If this delinquency is not resolved, any or all available actions permitted under law to collect this debt may be pursued, including but not limited to, continued collection efforts filling of a legal action, or accrual of legal fees."

40.     The plaintiff understood this letter to mean that if this delinquency is not resolved, any and all available actions permitted under law to collect this debt can be pursued, including but not limited to, continued collection efforts filling of a legal action, or accrual of legal fees.

41.     This is false since the 03/01/2008 payment became time-barred on March 1, 2014 and the filling of a legal action may <u>not</u> be pursued.

42.     The above mentioned statement is false, the $298,293.00 balance is a time-barred debt and the filling of a legal action is not permitted under the law.

43.     This above mentioned statement is false as other than sending a non-demanding payment letter which does not misrepresent the status or enforceability of the debt no other available actions were permitted under the law to collect this debt.

44.     Clearspring Loan Services could not accumulate any legal fees with regards to this time-barred debt and definitely could not charge plaintiff for the accrual of any such forbidden legal fees.

45.     The said letter additionally contained several deceptive statements and omitted important mandatory disclosures, including § 2-191 of the Rules of the City of New York's notification requirement for time-barred debts.

46.     The letter said nothing about when the debt was incurred, and it contained no hint that the six-year statute of limitations applicable in New York had long since expired.

47.     On March 1, 2008, First Magnus accelerated the entire debt making the debt time-barred six years from March 1, 2008.

48.     The Statute of limitations on the entire debt of the $298,293 mortgage ran out on March 1, 2014.

49.     On March 20, 2014 nineteen days after the Statute of limitation ran on the time-barred $298,293 mortgage debt, Green Tree sent plaintiff a letter stating that that the statute of limitations ran on this debt.

50.     In the State of New York, the statute of limitations to sue on a mortgage or the note is six years after the demand of the entire amount due.

51.     Here, the Defendant had waited almost eight years after the entire load had become due to threaten suit on this $298,293 debt.

52.     Thus, the Defendant violated 15 U.S.C. §§ 1692e, 1692e(5), 1692e(10), and 1692f by misrepresenting the legal status and by threatening to file a time-barred suit, making it liable to the Plaintiff.

53.     "The statute of limitations in a mortgage foreclosure action begins to run from the due

date for each unpaid installment, or from the time the mortgagee is entitled to demand full payment, or from the date the mortgage debt has been accelerated." [1]

54.   Once a mortgage debt is accelerated by a demand for the entire amount of the loan, the borrower's right to make monthly installments ceases, all sums becomes immediately due and payable, and the six-year statute of limitations begins to run on the entire mortgage debt.[2]

55.   New York City regulations require that a debt collector must provide a consumer with specific information about the consumer's rights regarding a time-barred account in every communication with the consumer.

56.   The unpaid installments and the entire loan that became due on March 1, 2008 became time barred on March 1,[t] 2014.

57.   The Statute of Limitations to collect on this debt expired on March 1, 2014, therefore, misrepresenting the legal status and threatening legal action on this time-barred debt is a violation of the FDCPA.

58.   Upon information and belief, the Defendant knew that this deceptive debt collection technique would be particularly effective in pressuring unsophisticated consumers into settling debts, even those that would otherwise be time-barred.

59.   Moreover, upon information and belief, the Defendant knew that if it tricked a consumer into making just one payment on a stale, time-barred debt, the statute of limitations would restart.

---

[1] In *re Strawbridge,* 2012 U.S. Dist. LEXIS 29751, 2012 WL 701031 [SDNY 2012], citing *Plaia v Safonte,* 45 AD3d 747, 748, 847 N.Y.S.2d 101 [2d Dept 2007]; *Zinker v Makler,* 298 AD2d 516, 517, 748 N.Y.S.2d 780 [2d Dept 2002]; *Notarnicola v. Lafayette Farms, Inc.,* 288 AD2d 198, 199, 733 NYS2d 91 [2d Dept 2001]; *EMC Mtge. Corp. v Patella,* 279 AD2d 604, 605, 720 NYS2d 161 [2d Dept 2001]; *Loiacono v. Goldberg,* 240 AD2d 476, 477, 658 NYS2d 138 [2d Dept 1997])
[2] See *Federal National Mortgage Assn v Mebane,* 208 AD2d 892, 894, 618 NYS2d 88 [2d Dept 1994]; *Clayton Nat'l, Inc. v Guldi,* 307 AD2d 982, 763 N.Y.S.2d 493 [2d Dept 2003]).

60.     When collecting on a time-barred debt a debt collector must not misrepresent the legal status of the debt in any way.

61.     When collecting on a time-barred debt, a debt collector must not misrepresent the enforceable status of the debt in any way.

62.     When collecting on a time-barred debt, a debt collector must inform the consumer that (a) the collector cannot sue to collect the debt; and (b) providing a partial payment would revive the Defendant's ability to sue to collect the balance.

63.     The Defendant threatened and attempted to collect on a time-barred debt, whose Statute of Limitations had admittedly already run out.

64.     The language "You are currently due for the 03/01/2008 payment. If this delinquency is not resolved, any or all available actions permitted under law to collect this debt may be pursued, including but not limited to, continued collection efforts filling of a legal action, or accrual of legal fees." is untrue and is a false threat of legal action on time-barred debt.[3]

65.     Upon reading the said letter, the Plaintiff believed, as would the unsophisticated debtor, that he had a legal obligation to pay the alleged debt as Defendant was demanding payment.

66.     The said letter falsely implies that the alleged debt is legally enforceable by making a demand for payment from the Plaintiff.

67.     It is part of the Defendant's pattern and practice to send and cause the sending of letters, such as the December 21, 2015 letter, that seek to collect time-bared debts and to not disclose that the debts are in fact time barred, and therefore, legally unenforceable.

68.     The Federal Trade Commission ("FTC") has determined that "Most consumers do not

---

[3] *Crawford v. LVNV Funding, LLC,* 758 F.3d 1254, 2014 U.S. App. LEXIS 13221, 59 Bankr. Ct. Dec. 205, 25 Fla. L. Weekly Fed. C 92 (11th Cir. Ala. 2014)

know their legal rights with respect to collection of old debts past the statute of limitations.... When a debt collector tells a consumer that he owes money and demands payment, it may create the misleading impression that the debt collector can sue the consumer in court to collect that debt."

69.    On January 30, 2013, the FTC issued its report, The Structure and Practices of the Debt Buying Industry, available at http://www.ftc.gov/os/2013/01/debtbuyingreport.pdf. The report reaffirms its position in the *United States of America v. Asset Acceptance, LLC*, No. 8:12-cv-182-T-27EAJ (M.D. Fla. 2012), *American Express Centurion Bank* (FDIC-12-315b, FDIC- 12-316k, 2012-CFPB-0002), *American Express Bank, FSB* (2012-CFPB-0003) and *American Express Travel Company, Inc.* (2012-CFPB-0004) cases, that a defendant may violate the FDCPA by sending a collection letter demanding payment of a time barred debt without disclosing that the debt was time barred.

70.    Courts have also held that even a debt collector's mere "settlement" offer made to consumers on a time-barred debt is misleading.[4]

71.    Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

72.    Upon information and belief, Defendant sent a written communication, such as the December 21, 2015 letter to at least 50 natural persons in the State of New York within one year of the date of this Complaint.

73.    Section 1692e of the FDCPA states:

"A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of

---

[4] See e.g., *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010 (7th Cir. 2014).

the foregoing, the following conduct is a violation of this section:

(2) The false representation of –

(A) the character, amount, or legal status of any debt[.]"

74.  Sections 1692e(5) and 1692e(10) state that a debt collector cannot "threaten to take any action that is not intended to be taken" or use "any false representation or deceptive means to collect or attempt to collect any debt."

75.  The Defendant misled the Plaintiff as to what possible action might be legally taken against him and deceptively used this threat in attempting to collect on this alleged debt.

76.  In so doing, the Defendant preyed upon the ignorance of an unsophisticated consumer.

77.  By employing the tactics it did, the Defendant played upon and benefitted from the probability of creating a deception.

78.  Honest disclosure of the legal unenforceability of the collection action due to the time-lapse since the debt was incurred would have foiled Defendant's efforts to collect on the debt.

79.  By threatening to sue the Plaintiff on the alleged debt, Defendant violated §§ 1692e(2)(A) and 1692(10) by threatening legal action, Defendant implicitly represented that it could recover this debt with a lawsuit, when in fact it cannot properly do so.

80.  Whether a debt is legally enforceable is a central fact about the character and legal status of that debt. A misrepresentation about that fact thus violates the FDCPA.

81.  Said letter provided a false, deceptive, or misleading representation or means in connection with the collection of any debt; the false representation of the character, amount, or legal status of any debt; and for the threat to take any action that cannot legally be taken, or that is not intended to be taken, in violation of 15 U.S.C. §§ 1692e,

1692e(2)(A), 1692e(5), and 1692e(10).[5]

82.  Said letter stated in pertinent part as follows: "You are currently due for the 03/01/2008 payment. If this delinquency is not resolved, any or all available actions permitted under law to collect this debt may be pursued, including but not limited to, continued collection efforts filling of a legal action, or accrual of legal fees."

83.  Said language is untrue and is a false threat of filling a legal action on time-barred debt.[6]

84.  Said language is false because any or all available actions permitted under law to collect this debt do not include the filling of a legal action or accrual of legal fees.

85.  The misrepresentation of the debt collector's ability to file a legal action on a time barred debt is a violation of the FDCPA.

86.  As mentioned above and attached hereto in Exhibits A-C, Plaintiff received multiple account statements from Green Tree in the years 2013 and 2014, which showed that Green Tree and the creditor SRP-2012-1 had ceased charging interest on the said account.

---

[5] *Buchanan v. Northland Grp., Inc.*, 776 F.3d 393 (6th Cir. 2015). (A misrepresentation about the limitations period is a "straightforward" violation of § 1692e(2)(A). The failure to disclose that partial payment on a time-barred debt would renew the creditor's ability to sue could mislead a consumer into paying and digging herself into a deeper hole. An unsophisticated debtor who cannot afford the settlement offer might nevertheless assume from the letter that some payment is better than no payment. This would not be true, since some payment is worse than no payment, as the general rule in Michigan is that partial payment restarts the statute of limitations clock, giving the creditor a new opportunity to sue for the full debt. In response to the argument that the court's interpretation would require debt collectors to give legal advice to every debtor about the statute of limitations, the court stated that "this is not a herculean task," as demonstrated by the fact that the collection agency had changed its letters to make the following disclosure under applicable circumstances: "The law limits how long you can be sued on a debt. Because of the age of your debt, LVNV Funding L.L.C. will not sue you for it, and LVNV Funding L.L.C. will not report it to any credit reporting agency."), McMahon v. LVNV Funding, L.L.C., 744 F.3d 1010 (7th Cir. 2014). (The court held that the consumers stated claims for relief under §§ 1692e and 1692f where the defendants sent dunning letters that did not disclose that the debts were time-barred and that made an "offer to settle" at a stated percentage savings off the current balance because, even without an actual threat of suit, "it is plausible that an unsophisticated consumer would believe a letter that offers to 'settle' a debt implies that the debt is legally enforceable.") *Rawson v. Source Receivables Mgmt., L.L.C.*, 2012 WL 3835096 (N.D. Ill. Sept. 4, 2012) (complaint alleging that a dunning letter implied the debt was legally enforceable when it was actually barred by the statute of limitations stated a claim under the FDCPA; defendants' letter that threatened "further collection efforts" and encouraged the plaintiff "to make arrangements for payment" could arguably lead an unsophisticated debtor to believe that the debt was legally enforceable)

[6] *Crawford v. LVNV Funding, LLC*, 758 F.3d 1254, 2014 U.S. App. LEXIS 13221, 59 Bankr. Ct. Dec. 205, 25 Fla. L. Weekly Fed. C 92 (11th Cir. Ala. 2014)

87.   Yet in the Defendant's December 21, 2015 collection letter, there was an "Unpaid Interest" amount of $289,104.54 represented.

88.   The Defendant's collection letter further misrepresented that the account was accruing Interest at a Rate of 12.5000 %.

89.   Despite the fact that Green Tree had specifically stated that interest has been waived on the said account, and despite the fact that Green Tree had specifically stated that although "a new servicer will be collecting your mortgage loan payments from you. Nothing else about your mortgage loan will change" nevertheless, Defendant engaged in the collection of an illegal interest rate and balance.

90.   Green Tree unequivocally stated that SRP-2012-1, the creditor of this debt waived the right to collect interest. ClearSpring Loan Services attempts to collect interest on the account after all interest was waived and after the interest rate went to 0.00 % percent violated the Fair Debt Collection Practices Act ("FDCPA"). Essentially, ClearSpring Loan Services attempted to collect interest that was already waived.

91.   Green Tree stated multiple times that this debt is time-barred and that it is past the statute of limitations. In addition, in all its account statements Green Tree waived all past and future interest and they expressly ceased adding interest on the outstanding account.

92.   It is clear from the Green Tree account statements attached that the Creditor SRP-2012-1 intended to waive the right to collect interest on Plaintiff's account. Indeed, the Green Tree statements attached prove with absolute certainty that any interest was waived. *See Terech v. First Resolution Mgmt. Corp.*, 854 F. Supp. 2d 537 (N.D. Ill. 2012) (holding that plaintiff stated a claim under FDCPA by alleging that the creditor did not impose interest prior to the transfer to third party debt collection company).

93.     Green Tree and the creditor SRP-2012-1, took the decisive and unequivocal action to forgo the imposition of interest for strategic business reasons among other reasons.

94.     This practice also permitted the Creditor SRP-2012-1, and Servicer's to remove the account from the financial records and receive a bad debt tax deduction. See I.R.C. § 166(a)(2).

95.     This tradeoff leads to the reasonable understanding that the creditor SRP-2012-1 intended to waive interest. In addition, the Green Tree's account statements explicitly stated that the accounts do not include past or present interest and Green Tree's account statements made it expressly clear that there is Zero percent (0.00%) interest going forward.

96.     Both Green Tree and the creditor SRP-2012-1, knowingly and intentionally waived their right to interest and then transferred the 0.00% interest accruing account in order to take advantage of favorable accounting practices.

97.     Because Green Tree and the creditor SRP-2012-1, waived the interest, ClearSpring Loan Services could not retroactively impose interest for the period in which it did not service the accounts. ClearSpring Loan Services could not start to charge 12.5% interest on an account that had a 0.00% interest rate.

98.     ClearSpring Loan Services is in violation of the FDCPA for trying to create a monetary interest out of thin air. Undoubtedly, ClearSpring Loan Services could not impose interest for the period prior to ClearSpring Loan Services servicing of this account especially if the creditor SRP-2012-1, and previous servicer Green Tree never imposed interest itself. In this circumstance, no such right to impose interest could ever have existed.

99.     The creditor SRP-2012-1, and Green Tree implicitly and expressly waived interest on Plaintiff's account that ClearSpring Loan Services could not lawfully re-impose.

100.    ClearSpring Loan Services unlawfully sought to collect interest that Green Tree and the creditor SRP-2012-1 had knowingly waived, which was both deceptive under §1692e and unfair in violation of § 1692f.

101.    ClearSpring Loan Services misrepresented their legal entitlement to collect waived interest, which misrepresented the amount of debt, in violation of § 1692e.

102.    ClearSpring Loan Services attempted the collection of an amount which included interest that was not expressly authorized by the agreement creating the debt nor was it permitted by law." 15 U.S.C. §1692f(1)

103.    The creditor, SRP-2012-1, and Green Tree took voluntary actions demonstrating an intention to waive past and future interest charges. See. *Bunce v. Portfolio Recovery Assocs., LLC*, 2014 U.S. Dist. LEXIS 159679 (D. Kan. Nov. 12, 2014) (Recognizing that in cases where the creditors took voluntary actions demonstrating an intention to waive interest charges collection of such amounts after waiver would violate the FDCPA)

104.    Defendant had neither a contractual, nor a statutory, right to claim that interest was accruing and would continue to accumulate on the debt.

105.    By falsely adding interest to the amount of the debt, Defendant made materially false statements, in violation of 15 U.S.C. § 1692e of the FDCPA.

106.    The law of New York has long held that a waiver is the voluntary relinquishment of a right. *Cowenhoven v. Ball,* 118 N.Y. 231 (N.Y. 1890)

107.    Waiver can be express or implied. An express waiver will be written or oral. An implied waiver is more difficult to prove. An implied waiver may be done "by acts from which an intention to waive may be inferred or from which a waiver follows as a legal result." *Titus v. Glens Falls Ins. Co.*, 81 N.Y. 410 (N.Y. 1880).

108. Black's Law Dictionary (9th ed) defines implied waiver as a "…waiver of contractual rights…where the conduct or acts of the party charged with waiver have either: (1) clearly manifested an intention to waive the contract provision or term allegedly waived or (2) reasonably induced the non-waiving party to rely upon an apparent waiver or such term or provision".

109. ClearSpring Loan Services, continued to pursue post-waiver interest on the time barred debt.

110. ClearSpring Loan Services violated sections §1692e and §1692f of the FDCPA for falsely representing the amount of the time-barred debt, using unfair and unconscionable means to collect the debt, and for threatening to take action which cannot legally be taken.

111. Green Tree Clearly evinced the creditor's intention to waive the right to charge interest, ClearSpring Loan Services violated the FDCPA by charging unauthorized interest after Green Tree, had already stated that SRP-2012-1, waived its right to do so.

112. Defendant, by charging interest on amount of the debt, where it had neither a contractual, nor a statutory, right to do so, used unfair or unconscionable means to collect a debt, in violation of § 1692f of the FDCPA.

113. Defendant's violations of § 1692f of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. §1692k.

114. Defendant attempted to collect interest on a debt when it was not entitled to do so.

115. Defendant's conduct was deceptive and misleading in violation of 15 U.S.C. § 1692e.

116. Defendant's conduct was also unfair and unconscionable in violation of 15 U.S.C. § 1692f.

117. Defendant's allegation in said letter, that interest was owed was false and misleading.

118. The Defendant had no right to collect any such interest from the Plaintiff.[7]

119. Defendant violated 15 U.S.C. §§ 1692e(2)(A) and 1692e(10) for charging interest on the time-barred account when it was not authorized to do so.

### AS AND FOR A FIRST CAUSE OF ACTION

***Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.***

120. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through one hundred and nineteen (119) as if set forth fully in this cause of action.

121. This cause of action is brought on behalf of Plaintiff and the members of two classes.

122. Class A consists of (a) all individuals who have mailing addresses within the State of New York; (b) who within one year before the filing of this action; (c) were sent a collection letter in a form materially identical or substantially similar to the form letter sent by the Defendant to the Plaintiff; (d) regarding a debt that was time-barred by the applicable Statute of Limitations; and (e) which was not returned by the postal service as undelivered; and (f) the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), and 1692e(10).

123. Class B consists of (a) all individuals who have mailing addresses within the State of New York; (b) who within one year before the filing of this action; (c) were sent a collection letter in a form materially identical or substantially similar to the form letter sent by the

---

[7]*McDonald v. Asset Acceptance LLC,* No. 2: 11-cv-13080 (E.D. Mich. Aug. 7, 2013). ("Asset purchased the debts subject to the waiver, thereby precluding Asset from imposing interest or revoking the original creditors' waiver. As such, Asset's false statements regarding the total amount of the debt in the collection actions constitutes violations of § 1692e(2)(A) and § 1692f(1)."), *Stratton v. Portfolio Recovery* ([The Defendant] as [the Creditor's] assignee, moreover, "acquire[d] no greater right than was possessed by [its] assignor . . . but simply stands in the shoes of the latter." *McDonald v. Richard J. Boudreau & Assocs., L.L.C.*, 2013 WL 3479273 (D.R.I. July 10, 2013). (Where a consumer can show that the creditor waived its right charge interest and the debt collector subsequently charged interest any such action would be a claim for misrepresenting the amount due in violation of the FDCPA) *Duffy v. Landberg*, 215 F.3d 871 (8th Cir.), *rehearing denied*, 2000 U.S. App. LEXIS 16039 (8th Cir. July 10, 2000). (Attempts to collect very small interest overcharges violated the plain language of § 1692f(1).) *Venes v. Prof'l Serv. Bureau, Inc.*, 353 N.W.2d 671 (Minn. Ct. App. 1984). (The collector/assignee violated § 1692f by charging interest on a debt to the Mayo Clinic which had a policy of not charging its patients interest.)

Defendant to the Plaintiff; (d) regarding a debt which imposed interest when it was unlawful to do so, and (e) which was not returned by the postal service as undelivered; and (f) the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(10) and 1692f.

124.    Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

> A.    Based on the fact that a form collection letter is at the heart of this litigation, the classes are so numerous that joinder of all members is impracticable.

> B.    There are questions of law and fact common to the classes and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

> C.    The only individual issue is the identification of the consumers who received such collection letters (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

> D.    The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

> E.    The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

125.    A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the

FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

126.    If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

127.    Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

128.    The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

129.    Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in his favor and against the Defendant and award damages as follows:

    A.    Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k);

    B.    Attorney fees, litigation expenses and costs incurred in bringing this action; and

    C.    Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
August 4, 2016


_____/s/ Adam J. Fishbein_____
Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411


Plaintiff requests trial by jury on all issues so triable.


_____/s/ Adam J. Fishbein____
Adam J. Fishbein (AF-9508)



# green tree

**MONTHLY BILLING STATEMENT**
Statement Date 01/04/2014

Green Tree Servicing LLC
Asset Receivables Management
7360 South Kyrene Road
Tempe, AZ 85283-4583
1-877-835-6465

| Account Number | 052 |
|---|---|
| Next Payment Due | 01/20/2014 |
| Amount Due | $298,293.00 |

CHRISTOPHER TABICK
89 BAY 23RD ST
BROOKLYN NY 11214-3807

Payment address:
Green Tree
PO Box 94710
Palantine, IL 60094-4710

## Account Information

| | |
|---|---|
| Balance: | $298,293.00 |
| Property Address: | 89 BAY 23RD ST, BROOKLYN, NY 11214 |
| Monthly Late Fee: | None |
| Interest Rate: | 0.00% |
| Interest Type: | None |
| Prepayment Penalty: | None |

## Explanation of Amount Due

| | |
|---|---|
| Principal Due: | $298,293.00 |
| Interest Due: | $0.00 |
| Attorney Fees: | $0.00 |
| Court Costs: | $0.00 |
| Misc Fees and Costs: | $0.00 |
| Bad Check Charges: | $0.00 |
| Pre-Charge Off Expenses: | $0.00 |
| Post Charge Off Expenses: | $0.00 |
| Deficiency Balance Adjustments: | $0.00 |
| Transaction Surcharges: | $0.00 |
| Total to Bring Current: | $298,293.00 |

## Transaction Activity (01/04/2014 to 07/04/2013)

| Date | Description | Charges | Payments |
|---|---|---|---|
| **** NO TRANSACTIONS TO REPORT **** | | | |

## Past Payment Breakdown

| | Paid Last Month | Paid Year to Date |
|---|---|---|
| Principal Amount: | ($0.00) | ($0.00) |
| Interest Amount: | ($0.00) | ($0.00) |
| Fees: | ($0.00) | ($0.00) |
| Total: | ($0.00) | ($0.00) |

---

**\*\* Delinquency Information \*\***

Date of Delinquency: 03/01/2008
Your account may be reported to one or more credit bureaus, and may be reviewed for possible legal action. **To bring your account current, $298,293.00 is due.**
**Housing Counselor Information:** If you would like counseling or assistance, you can contact the following:
• U.S. Department of Housing and Urban Development (HUD): For a list of home ownership counselors or counseling organizations in your area, go to http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm or call 800-569-4287.

*Recent Account Activity*

| Date | Description | Charges | Payments |
|---|---|---|---|
| **** NO TRANSACTIONS TO REPORT **** | | | |

---

**Please see back page for additional important information.**

☐ SC0190-00A

relationships that work

# green tree

Detach and return this portion with remittance.
-Please make checks payable to Green Tree-
ACCOUNT NUMBER 82221052
Receipt of a personal check is authorization to collect payment electronically



relationships that work
# green tree

Green Tree Servicing LLC
Asset Receivables Management
7360 South Kyrene Road
Tempe, AZ 85283-4583

> WE ARE REQUIRED BY LAW TO GIVE YOU THE FOLLOWING WARNING ABOUT PAYMENTS ON THIS DEBT. The statute of limitations bars a creditor from taking legal action, including arbitration, to make you pay this debt. BE AWARE that if you voluntarily pay anything toward this debt, such payment can restart the creditor's right to take legal action to make you pay the entire debt.

CHRISTOPHER TABICK                                      3/20/2014
89 BAY 23RD ST
BROOKLYN, NY 11214
1129674

Re: Green Tree Servicing LLC ("Green Tree") Account No.: [ ]052

Dear CHRISTOPHER TABICK:

I realize problems may occur which make it difficult to meet your monthly obligations. However, ignoring your obligations will not resolve the situation.

Several attempts to contact you have been sent to you concerning the outstanding balance of $298,293.00* on your above-referenced account. To date, we have not received a call or correspondence from you concerning your debt. In order to work out any type of resolution, we must have your cooperation. Please remit payment to the following addresses:

| Wiring Instructions: | | Overnight Address: |
|---|---|---|
| ABA: | | Green Tree |
| Account: | [ ]511 | 345 St. Peter Street |
| Account Name: | Green Tree Servicing LLC | Attn: Settlements L800 |
| Bank Name: | Bank of America | St. Paul, MN 55102 |
| Bank Address: | 150 Broadway Avenue | |
| Bank City: | New York | |
| Bank State: | NY | |
| Bank Zip: | 10038 | |

If arrangements are not made to eliminate this balance, I will have no alternative but to consider additional action to collect this balance. I do not want to take this step. Therefore, to avoid any possible accelerated collection activity, please contact us within 10 days of the date of this letter between the hours of 6 a.m. – 7 p.m. Monday - Thursday and 6 a.m. – 12 p.m. Friday MST at 1-877-835-6465.

Sincerely,

Green Tree

You may contact Jay F. at Green Tree 1-877-835-6465. The amount of the debt at this time is $298,293.00. This collection agency is licensed by the New York City Department of Consumer Affairs License #1325554.

* This is not the amount required to pay off your account. Please contact Asset Receivables Management at 1-877-835-6465 if you wish to obtain a payoff quote.

This communication is from a debt collector. It is an attempt to collect a debt, and any information obtained will be used for that purpose.

Demand Letter, 02/23/2012                                              LTR-01500



relationships that work
**green tree**

Green Tree Servicing LLC
Asset Receivables Management
7360 South Kyrene Road
Tempe, AZ 85283-4583
1-877-835-6465

MONTHLY BILLING STATEMENT
Statement Date 06/04/2014

| | |
|---|---|
| Account Number | ☐052 |
| Next Payment Due | 06/19/2014 |
| Amount Due | $298,293.00 |

CHRISTOPHER TABICK
89 BAY 23RD ST
BROOKLYN NY 11214-3807

Payment address:
Green Tree
PO Box 94710
Palantine, IL 60094-4710

### Account Information

| | |
|---|---|
| Balance: | $298,293.00 |
| Property Address: | 89 BAY 23RD ST, BROOKLYN, NY 11214 |
| Monthly Late Fee: | None |
| Interest Rate: | 0.00% |
| Interest Type: | None |
| Prepayment Penalty: | None |

### Explanation of Amount Due

| | |
|---|---|
| Principal Due: | $298,293.00 |
| Interest Due: | $0.00 |
| Attorney Fees: | $0.00 |
| Court Costs: | $0.00 |
| Misc Fees and Costs: | $0.00 |
| Bad Check Charges: | $0.00 |
| Pre-Charge Off Expenses: | $0.00 |
| Post Charge Off Expenses: | $0.00 |
| Deficiency Balance Adjustments: | $0.00 |
| Transaction Surcharges: | $0.00 |
| Total to Bring Current: | $298,293.00 |



### Transaction Activity (06/04/2014 to 12/04/2013)

| Date | Description | Charges | Payments |
|---|---|---|---|
| | **** NO TRANSACTIONS TO REPORT **** | | |

### Past Payment Breakdown

| | Paid Last Month | Paid Year to Date |
|---|---|---|
| Principal Amount: | ($0.00) | ($0.00) |
| Interest Amount: | ($0.00) | ($0.00) |
| Fees: | ($0.00) | ($0.00) |
| Total: | ($0.00) | ($0.00) |

**\*\* Delinquency Information \*\***

Date of Delinquency: 03/01/2008
Your account may be reported to one or more credit bureaus, and may be reviewed for possible legal action. **To bring your account current, $298,293.00 is due.**
**Housing Counselor Information:** If you would like counseling or assistance, you can contact the following:
• U.S. Department of Housing and Urban Development (HUD): For a list of home ownership counselors or counseling organizations in your area, go to
http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm or call 800-569-4287.

*Recent Account Activity*

| Date | Description | Charges | Payments |
|---|---|---|---|
| | **** NO TRANSACTIONS TO REPORT **** | | |

**Please see back page for additional important information.**

☐ SC0190-00A

## IMPORTANT MESSAGES

If you are in active bankruptcy or received a discharge which included this debt, this communication is not intended to be and does not constitute an attempt to reaffirm or to collect a debt against you personally and is for informational purposes only.

THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

LOGIN TO WWW.CLEARSPRINGLS.COM OR CALL 1-866-344-3314 FOR PAYMENT HISTORY, LOAN BALANCES AND STATEMENTS ON YOUR ACCOUNT.

To find free or low-cost HUD certified housing counseling agencies in your area, please call 1.800.569.4287 or visit the HUD website at www.hud.gov.

# MONTHLY LOAN STATEMENT

| | |
|---|---|
| Statement Date | 12/21/2015 |
| Loan Number | 32 |
| Due Date | 03/01/2008 |
| **TOTAL AMOUNT DUE** | **$587,397.54** |

Late charge if payment received after 03/01/2008: $n/a

Outstanding Principal Balance         $587,397.54

### Explanation of Amount Due

| | |
|---|---|
| Unpaid Principal: | $298,293.00 |
| Unpaid Interest: | $289,104.54 |
| **Total Amount Due:** | **$587,397.54** |

**Interest Rate Information**

| | |
|---|---|
| Interest Rate | 12.50000 |
| Next Interest Rate Change | n/a |

### Past Payments Breakdown

| Payment Elements | Paid Last Month | Paid Year to Date |
|---|---|---|
| Principal and Interest | $0.00 | $0.00 |
| Total | $0.00 | $0.00 |

### **Delinquency Notice**

You are currently due for the 03/01/2008 payment. If this delinquency is not resolved, any or all available actions permitted under law to collect this debt may be pursued, including but not limited to, continued collection efforts, filing of a legal action, or accrual of legal fees.

*Recent Account History:*
Payments in month of 06/01/2015: $0.00 received; $571,767.06 remains past due
Payments in month of 07/01/2015: $0.00 received; $574,934.02 remains past due
Payments in month of 08/01/2015: $0.00 received; $578,100.98 remains past due
Payments in month of 09/01/2015: $0.00 received; $581,165.78 remains past due
Payments in month of 10/01/2015: $0.00 received; $584,332.74 remains past due
Payments in month of 11/01/2015: $0.00 received; $587,397.54 remains past due

**Total Amount Due: $587,397.54**

If you have accepted an offer to settle this delinquency, please refer to that approval letter and/or agreement for details on amounts, due dates, and terms of the agreement.

**If You Are Experiencing Financial Difficulty:**
See "Important Messages" for housing counselor assistance.

### Correspondence Address

Questions about your loan, address changes, notifications of error regarding your loan, and other correspondence may be mailed to (Please also include your loan number):

ClearSpring Loan Services, Inc.
P.O. Box 52238
Idaho Falls, ID 83405-2238

Please detach and return the bottom portion of this statement with your payment. WRITE YOUR LOAN NUMBER ON YOUR CHECK.



P.O. Box 4869, Dept. #447
Houston, TX 77210
1-866-344-3314

**CHRISTOPHER TABICK**

| | |
|---|---|
| Statement Date | 12/21/2015 |
| Loan Number | 32 |
| Due Date | 03/01/2008 |
| **Total Amount Due** | **587,397.54** |

| | |
|---|---|
| Current Payment Due | $ |
| Other | $ |
| **Total Amount Enclosed** | $ |

CHRISTOPHER TABICK
89 BAY 23RD ST
BROOKLYN, NY  11214

ClearSpring Loan Services, Inc.
P.O. Box 4869, Dept. #447
Houston, TX 77210